Summit Hill Rod and Gun Club Liquor License Case.

Argued September 30, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert H. Jordan,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellant.

*W. Hamlin Neely,* with him *Robert B. Doll,* for appellee.

OPINION BY ERVIN, J., November 12, 1957:

This appeal was taken by the Pennsylvania Liquor Control Board from the order of the court below setting aside the order of the board suspending a catering club liquor license for a period of 15 days.

The appeal to this Court is now expressly allowed by the legislature. Act of April 12, 1951, P. L. 90, art. IV, §471, 47 PS §4-471.

The board, after hearing found that "The licensed organization, by its servants, agents or employes, sold liquor and/or malt or brewed beverages on the licensed premises to non-members on the following Sundays, May 6 and 20, 1956." The court below, after hearing de novo, found: "Under the evidence in this case, the Court concludes that the Pennsylvania Liquor Control Board has not proven its case by clear, precise and indubitable evidence, and does not find as a fact that the licensed organization, by its servants, agents or employes sold liquor and/or malt and brewed beverages on the licensed premises to Officer Fowler on May 6, 1956, nor to Officers Fowler and Burns on May 20, 1956,

and, therefore, the Appeal is sustained, and the Order of the Pennsylvania Liquor Control Board suspending the license of the Summit Hill Rod and Gun Club for a period of fifteen (15) days is hereby set aside."

The court based its order upon the following: (1) that the board had not met its burden of producing testimony of the violations which was "clear, precise and indubitable," and (2) that no analysis of the beverage was made to show that it was a malt or brewed beverage. We are of the opinion that the court below committed error in placing too great a burden of proof upon the board. The proceedings before the board are civil and administrative and not criminal in nature. The authority which granted the license or privilege retains the power to revoke or suspend it, either for due cause of forfeiture, or upon a change of policy and legislation in regard to the subject. The power of revocation or suspension cannot be pronounced unconstitutional, either as an impairment of a contractual right or as a deprivation of a property right. In a civil proceeding to revoke a license, it is sufficient if the offense be established by a preponderance of the evidence. *Com. v. Funk,* 323 Pa. 390, 400, 186 A. 65.

Aside from this reversible error, we are convinced that the evidence was sufficient to justify the 15-day suspension imposed by the board. Without detailing the evidence we may say that two non-club member enforcement officers clearly testified to purchase of beer on Sundays from a bartender on the club premises. There was no express denial of this by the bartender. He did say he did not recall seeing the two enforcement officers those two Sundays but on cross-examination he admitted that there were a thousand members of the club and that the two officers could have been in the club on the days in question. The court below did not find that the officers were not

credible but because they could not identify the bartender at the hearing, it felt the board had not met the burden of proof above mentioned.

The court below also felt that the case was weakened because of the failure to have the beer analyzed. In *Com. v. Nunamaker*, 84 Pa. Superior Ct. 97, 99, this Court said: "A witness who has drunk liquor may testify, if he knows, that it was whiskey. A chemical analysis is not absolutely necessary to prove the fact: . . . ." This case was quoted with approval in *Com. v. Aikens*, 179 Pa. Superior Ct. 501, 505, 118 A. 2d 205. Certainly enforcement officers who are dealing with malt beverages daily should be permitted to testify on this subject and their testimony should be believed if there is no counter-testimony.

It is highly improbable that if a person went to a licensed premises and asked for beer, he would be served some other beverage.

Because of the above disposition of this case, it is unnecessary to go into the question of whether the court below made findings of fact different from those made by the board.

Order reversed and the record is remanded to the court below for the imposition of a 15-day suspension to commence at a time to be fixed by that court.