Moravian Bar, Inc. Liquor License Case.

232

Argued December 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Ronald N. Rutenberg,* with him *Harry A. Rutenberg,* for appellant.

*Russell C. Wismer,* Special Assistant Attorney General, with him *George G. Lindsay,* Assistant Attorney General, and *David Stahl,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WRIGHT, J., March 19, 1963:

On January 8, 1962, the Pennsylvania Liquor Control Board issued a citation to the Moravian Bar, Incorporated, 1507 Moravian Street in the City of Philadelphia, to show cause why its license should not be revoked and the license bond forfeited by reason of certain alleged violations. After hearing, the Board made an order revoking the license effective as of May 16, 1962. An appeal was taken to the Court of Quarter Sessions of Philadelphia County,[1] which tribunal, after hearing de novo, sustained the order of the Board. This appeal to the Superior Court followed. The sole issue before us is the sufficiency of the evidence.

The violations alleged in the citation were as follows: "1. You, by your servants, agents or employees permitted lewd, immoral and improper entertainment on the licensed premises on November 10, 1961. 2. You, by your servants, agents or employees permitted on the licensed premises solicitation of alcoholic beverages on December 29, 1961; January 3, 1962. 3. You, by your servants, agents or employees failed to maintain sufficient illumination to insure clear visibility within the premises covered by the license during hours when the sale of alcoholic beverages was permitted on December 28, 29, 1961; January 3, 1962". The testimony before

---

[1] "Mr. Rutenberg: If Your Honor please, I do not represent the Moravian Bar, but I do represent possibly the most substantial creditors of the Moravian Bar . . . I think the Moravian Bar has lost all interest in the endeavor, because the place has been closed for some period of time". No question has been raised as to the right of creditors to prosecute the appeal, and we do not pass upon it.

the examiner was given by two of the Board's enforcement officers and an officer of the Philadelphia City Police. The Board found that this testimony sustained the charges in the citation. By stipulation of counsel, the case was submitted in the court below on the notes of testimony taken before the Board's examiner "as though the matter had been heard de novo". The hearing judge found that the evidence supported the Board's findings, making the following pertinent statement: "The only alteration of the Board's findings of fact would be for the violation that occurred on January 3, 1962. But considering that the Board has suspended the license of the licensee twice before, and that the findings as made by the Board were changed only slightly, we felt that the action of the Board in revoking the license was warranted".

The present appeal is in the nature of a broad certiorari. It is our function to determine whether there is evidence to support the order from which the appeal has been taken, and whether the court below committed an error of law or abused its discretion: *Heights Fire Company Liquor License Case,* 181 Pa. Superior Ct. 56, 121 A. 2d 902. In a civil proceeding to revoke a license, it is sufficient if the offense be established by a preponderance of the evidence: *Summit Hill Rod and Gun Club Liquor License Case,* 184 Pa. Superior Ct. 584, 135 A. 2d 781. We do not propose to set forth the testimony in detail. Its weight and credibility were for the hearing judge: *Barbato Liquor License Case,* 188 Pa. Superior Ct. 548, 149 A. 2d 539. Our examination of the record leads us to agree with President Judge SLOANE that it supports the findings (a) of lewd, immoral and improper entertainment; (b) of solicitation for the purpose of the purchase of alcoholic beverages; and (c) of failure to maintain sufficient illumination.

The court below made no change in the basic findings of the Board. Cf. *East End Social Club Liquor License Case,* 193 Pa. Superior Ct. 583, 165 A. 2d 253. The alteration relative to the alleged violation on January 3, 1962, did not require a reduction of the penalty: *Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 142 A. 2d 326. We perceive no error of law or abuse of discretion.

Order affirmed.