## Speranza Liquor License Case.

Argued November 13, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused January 27, 1965.

*Robert Davis Gleason,* with him *Gleason & Krumenacker,* for appellants.

*Lawrence L. Davis,* Special Assistant Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY MR. JUSTICE COHEN, January 5, 1965:

Appellants are holders of a hotel liquor license. As a result of an open inspection on September 22, 1962, by Liquor Control Board agents at the licensed premises, appellants' license was suspended for 20 days on the ground that "[t]he licensees, their servants, agents, or employees permitted minors to frequent the licensed premises on September 22, 1962," in violation of the Liquor Code. This statute provides, inter alia, that "[i]t shall be unlawful . . . (14) for any hotel . . . liquor licensee . . . to permit . . . minors to frequent his licensed premises . . . except minors accompanied by parents, guardians, or under proper supervision." Act of April 12, 1951, P. L. 90, §493(14), 47 P.S. §4-493(14).

Licensees appealed from the suspension to the court of quarter sessions. After a hearing, which incorporated the testimony before the board, and after taking additional testimony, that court sustained the appeal and directed the board to revoke the suspension. The board appealed to the Superior Court which reversed the court of quarter sessions. We granted allocatur.

The parties and the lower courts have treated this case as though the dispositive question is whether or not there was "proper supervision" of minors who "frequent" the premises. We find it unnecessary to

reach this question because, regardless of whether there was "proper supervision," the record does not support a finding that minors *"frequent"* the licensed premises. Such a finding would be necessary to make out a violation.

The officer who conducted the only inspection of record, on September 22, 1962, testified before the board that on that date he found 10 minors on the premises. (It was established that these minors were only having pizza and cokes and that no alcoholic beverages were requested or served.) Four of these minors testified before the board. It was uncontradicted that two of them had never been to the premises before and that the other two had been there only once or twice before with their parents. Counsel stipulated that the remaining minors would testify substantially the same as these four. In the hearing before the court of quarter sessions, licensees themselves made general statements indicating that on other occasions minors came to the licensed premises for food. But in regard to these occasions there was no evidence of names, dates, or conditions surrounding their visits. In short, outside of the finding of 10 minors on the premises on September 22, 1962, there was no specific evidence going to the necessary element of whether minors "frequent" the premises.

The board has a duty and the burden is upon it to establish the elements of a violation by a fair preponderance of the evidence. *Moravian Bar, Inc. Liquor License Case,* 200 Pa. Superior Ct. 231, 188 A. 2d 805 (1963); *Summit Hill Rod and Gun Club Liquor License Case,* 184 Pa. Superior Ct. 584, 135 A. 2d 781 (1957). That on one occasion there were on the premises 10 minors, who were there for the first time,[1] does not establish that minors "frequent" the premises.

---

[1] The Liquor Control Board cannot rely on the prior visits of certain of these minors to aid in establishing a violation. On the

To "frequent", in the context of the relevant statutory provision, means to visit often or to resort to habitually or to recur again and again, or more than one or two visits. Cf. *Easton's Liquor License Case*, 142 Pa. Superior Ct. 49, 15 A. 2d 480 (1940); *In the Matter of Revocation of Hotel Liquor License No. H-1427 and Amusement Permit No. AP-12793, Issued to Mary Perry, "West End Hotel"*, 24 Cambria 133 (1962); *Appeal of Atanas Gugoff*, 57 Dauph. 105 (1945); Words and Phrases, "Frequent" (permanent ed. Vol. 17A). We do not mean to say that it must be found that the *same* minor or minors come to the premises habitually. But it must be established by a fair preponderance of specific evidence that, as a course of conduct, licensees permit minors to come on the premises. The record is insufficient to establish this.

We render no opinion on the nature of the defense of "proper supervision" in the absence of a record establishing frequenting.

Accordingly, we vacate the order of the Superior Court and reinstate the order of the court of quarter sessions directing the Liquor Control Board to revoke the suspension heretofore imposed.

Mr. Justice EAGEN would vacate the order of the Superior Court and would reinstate the order of the Court of Quarter Sessions of Cambria County on that court's opinion.

---

prior visits it was uncontradicted that the minors were accompanied by their parents. The statute expressly excepts such visits from contributing to a "frequenting" violation.