## Dimitri's, Inc. v. Pennsylvania Liquor Control Board

*Earl J. Mellman,* for appellant.

*J. Leonard Langan,* Assistant Attorney General for Pennsylvania Liquor Control Board.

DOWLING, J., March 26, 1973.—Appellant, holder of a restaurant liquor license, after a citation and hearing, was fined for giving free lottery tickets with the purchase of certain drinks.

An appeal followed and at the hearing before the court it was stipulated that the testimony before the Liquor Control Board hearing examiner could constitute the evidence together with the stipulation that the licensee, if called, would testify that the intent and purpose of the combined offer was to promote the sale of lottery tickets.

It is unlawful for a licensee to give something of value as an inducement to promote the sale of liquor: section 493 of the Liquor Control Act of April 12, 1951, P. L. 90, as amended, 47 PS §4-493 (24).

Enforcement officers of the Pa. Liquor Control Board visited appellant's premises on several occasions in July and August of 1972. They observed a sign above the bar advertising a free lottery ticket with a purchase of certain mixed drinks at a cost of one dollar during the "happy hour." When the officers purchased any of the drinks and paid a dollar they received, in addition to the beverage, a Pennsylvania lottery ticket. When they purchased a brand not so advertised, they paid the regular price. When they told the proprietor that they did not wish a lottery ticket, they received a drink for 50 cents. Dimitri Zaimes, secretary/treasurer of the corporation, said that during the happy hour certain brands were sold for 50 cents a drink and that when the lottery began, they gave an option to their customers of purchasing the special brand for 50 cents or paying a dollar and receiving a lottery ticket. He said that most of his customers knew of the option and those who didn't would ask and he would explain that they had the option of paying a

dollar and getting a lottery ticket and a drink or paying 50 cents and getting a drink alone. It was further agreed by stipulation that he would also testify that the purpose was to promote the sale of lottery tickets.

The board has the burden of establishing the elements of a violation by a full preponderance of the evidence: Speranza Liquor License Case, 416 Pa. 348 (1965).

The court is of the opinion that the testimony is insufficient to establish that the primary purpose of the offer was to encourage the consumption of liquor.

It is certainly the avowed policy of the Commonwealth to promote the sale of lottery tickets. Buses, billboards, newspapers and store windows proclaim the State's philosophy that the good life can be had not by hard work, training and discipline, but by the purchase of a 50 cent ticket. Is Dimitri's, an establishment devoid of prior citations and frequented, in the words of the enforcement officers, by sober and orderly adults, to be penalized for doing its civic duty. We think not.

This entire episode is a little like stomping on a mouse in a kitchen when there is a tiger at the door.

Accordingly, we find as a fact that the licensee did not offer or give an illegal inducement to promote the sale of alcoholic beverages and conclude, therefore, that there is no violation of the liquor code.

## ORDER

And now, March 26, 1973, the order of the Pennsylvania Liquor Control Board, imposing a fine on Dimitri's, Inc., is reversed.