In the Matter of Revocation of Restaurant Liquor License No. R-15524, Issued to V.J.R. Bar Corporation, 4206 Lancaster Avenue, Philadelphia, Pennsylvania 19104 v. Pennsylvania Liquor Control Board, Appellant.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

J. *Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Abraham J. Levinson,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 21, 1976:

In this appeal the Pennsylvania Liquor Control Board (Board) asks this Court to reverse the order of the Court of Common Pleas of Philadelphia County and reinstate the Board's order which imposed a fine of Three Hundred Fifty Dollars ($350.00) on the V.J.R. Bar Corporation (Licensee). We agree and therefore reverse.

On November 27, 1973, the Board issued a citation to the Licensee to appear and show cause why a fine should not be imposed or its license be revoked or suspended. Following a hearing on the citation, the Board by opinion and order dated July 19, 1974, imposed a fine upon Licensee based upon a finding of fact by the Board that Licensee, by its servants, agents or employees had permitted gambling on the licensed premises on March 22, 1973.

Licensee, before the Board and before the lower court on appeal, introduced evidence which established that criminal charges stemming from the gambling arrests were dismissed. The lower court in reversing Board's order was persuaded by Licensee that in a citation proceeding involving the commission of a crime on a licensed premises, the Board must prove that the offense charged resulted in a conviction in the court which has jurisdiction

over the criminal offense, and that since the Board failed to meet its burden of showing that a conviction resulted from the criminal offense charged, the lower court could not sustain the imposition of the fine.

This appeal followed.

Section 471 of The Liquor Code, 47 P.S. §4-471[1] provides in pertinent part as follows:

"Revocation and Suspension of Licenses; Fines.

"Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America . . . by any licensee within the scope of this article, his officers, servants, agents or employes *or upon any other sufficient cause shown,* the board may . . . cite such licensee to appear before it or its examiner, . . . to show cause why such license should not be suspended or revoked or a fine imposed." (Emphasis added.)

It is clear that this section sanctions revocation for violation of any laws of the Commonwealth or regulations of the Board, and most importantly, for the purposes of this case, upon a showing of "other sufficient cause."

We will now consider the Board's main argument that it may impose a fine upon a licensee based upon a finding of fact that a licensee permitted gambling on its premises even though criminal charges based upon the same evidence did not result in a conviction.

In the *Petty Liquor License Case,* 216 Pa. Superior Ct. 55, 59, 258 A.2d 874, 876 (1969), it was held that: "A proceeding to suspend or revoke a license is civil in nature and it is sufficient if the offense charged be established by a preponderance of the evidence; Summit Hill Rod and Gun Club Liquor License Case, 184 Pa. Superior Ct. 584,

---

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

135 A.2d 781. Cf. Bayer Liquor License Case, 200 Pa. Superior Ct. 210, 188 A.2d 819." The Licensee here forcefully argues that since the Board failed to show that the gambling charges resulted in conviction, it could not make an independent finding of fact to the contrary and impose a fine. We believe that the Board is authorized to impose a fine. Since a hearing on a citation to a licensee is an independent civil proceeding where it is sufficient that the offense charged be established merely by a preponderance of the evidence, the Board need not apply the generally accepted test of criminal proceedings where the offense charged must be established beyond a reasonable doubt. In *Commonwealth v. McMenamin*, 122 Pa. Superior Ct. 91, 184 A. 679 (1936), the Court held:

> "The weight of authority is to the effect that a conviction in a criminal prosecution is neither a bar to a subsequent civil proceeding founded on the same facts, nor is it proof of anything therein except the mere fact that it has occurred. *It is equally true that where the commission of the same acts constitutes a crime and also furnishes ground for a civil proceeding, the acquittal of a defendant, when tried for the criminal offense, is not a bar to the institution of appropriate civil proceedings, nor is it evidence in such proceedings of his innocence.*" (Emphasis added.)

Finally, Licensee in support of its position, challenges the constitutionality of Section 471 of The Liquor Code in that it authorizes the imposition of a suspension or revocation of a license "upon any other sufficient cause shown." Appellee urges that this section is unconstitutional because it is lacking specific standards and is vague. Unfortunately, since Licensee did not properly raise this issue in the court below, it is precluded on appeal. *Graack and J. P. Edwards, Inc. v. Board of Supervisors of Lower Nazareth Township,* 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975); *Sojtori v. Zoning Hearing Board and Moyer,* 6 Pa. Commonwealth Ct. 552, 296 A.2d 532

(1972) ; *Clemens v. Upper Gwynedd Township Zoning Hearing Board*, 3 Pa. Commonwealth Ct. 71, 281 A.2d 93 (1971).

Therefore, in light of the foregoing, we issue the following

### ORDER

AND Now, this 21st day of January, 1976, the order of the Court of Common Pleas of Philadelphia County is reversed and the order of the Board imposing a fine of $350.00 upon Licensee is reinstated.