In Re: Appeal in the Matter of Revocation of Restaurant Liquor License No. R-13454 and Amusement Permit No. AP-13454, Issued To: Gregory M. Liprando, G.M. Grand Lounge, U.S. Route 22, Delmont, Pennsylvania 15626. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*James P. Deeley,* with him *J. Leonard Langan,* Assistant Attorney General, *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*B. Earnest Long,* for appellee.

OPINION BY JUDGE ROGERS, May 26, 1978:

The Pennsylvania Liquor Control Board (Board) has appealed an order of the Court of Common Pleas of Westmoreland County reducing a fine imposed by the Board upon a licensee.

After hearing on a citation against Gregory M. Liprando, a holder of a liquor license, the Board made the following findings of fact and order:

1. The licensee, his servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to visibly intoxicated persons, on July 6, 7, 1976.

2. The licensee, his servants, agents or employes permitted gambling on the licensed premises, on July 6, 7, 1976; and

THEREFORE, the Board makes the following order:

ORDER

AND NOW, this 13th day of December, 1976, it is ordered and decreed that the aver-

ments are sustained and for the foregoing reasons, the Pennsylvania Liquor Control Board hereby imposes a fine of Three Hundred Fifty Dollars ($350.00), upon GREGORY M. LIPRANDO, the above named licensee.

On appeal, the court below conducted a de novo hearing where the testimony of a Board agent was received. The court concluded that the agent's testimony adequately supported the Board's first finding of fact. It held however that "the Board ha[d] not met its burden in substantiating the second finding of fact because they failed to specify the law or regulation alleged to be violated and which relates to gambling." The court did not find fault with the finding of fact that the licensee or his employes had permitted gambling; it "rule[d] that it is incumbent upon the Board to establish whether or not their finding of fact is based upon an alleged violation of the Liquor Code or a law of the Commonwealth and set forth specifically what rule or law is being violated." The court reduced the amount of the fine to $100. We reverse.

It is axiomatic that:

'[U]nless the findings of fact of the court below are different from those of the board, the penalties imposed by the board in the proper exercise of its discretion must stand.'

*Carver House, Inc. Liquor License Case,* 454 Pa. 38, 41, 310 A.2d 81, 83 (1973); *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974).

Here the court below made no finding of fact with respect to gambling different from the Board's. The asserted deficiency in that finding—absence of a reference to a law or rule rendering the conduct unlawful—would seem to be properly the subject of a conclusion of law.

Finally, the Board's two findings amply support its imposition of a $350.00 fine. *See e.g. V.J.R. Bar Corp. v. Pennsylvania Liquor Control Board,* 23 Pa. Commonwealth Ct. 62, 350 A.2d 426 (1976). *See also, Hankin Liquor License Case,* 202 Pa. Superior Ct. 100, 195 A.2d 164 (1963).

Accordingly, we enter the following:

ORDER

AND Now, this 26th day of May, 1978, the order of the Court of Common Pleas of Westmoreland County is vacated, and the order of the Pennsylvania Liquor Control Board imposing a $350.00 fine upon appellee, Gregory M. Liprando, is reinstated.