In the Matter of Suspension of Restaurant Liquor License No. R-17844 and Amusement Permit No. AP-17844, Issued to Arthur Alexander Banks, t/a Otto's Atmosphere. Arthur Alexander Banks, Appellant.

Argued June 8, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three. Re-argued June 3, 1980, before President Judge CRUM-LISH and Judges MENCER, ROGERS, BLATT, CRAIG, MAC-PHAIL and WILLIAMS, JR. Judge WILKINSON, JR. did not participate.

*Norman M. Yoffe,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, July 11, 1980:

Petitioner Arthur Alexander Banks, trading as Otto's Atmosphere (licensee), appeals from an order of the Court of Common Pleas of Dauphin County, which affirmed a 30-day suspension of his license imposed by the Pennsylvania Liquor Control Board (PLCB) for violation of Section 493(14) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as*

*amended,* 47 P.S. §4-493(14), by permitting minors to frequent the licensed premises. After initial argument before a panel of this court, we ordered reargument before the court en banc.

On February 18, 1977, PLCB enforcement officers and members of the Harrisburg Police had conducted an open inspection of the licensee's premises. The officers arrested eleven individuals, but eight of those eleven escaped before being transported to City Hall. Of the remaining three individuals, subpoenaed to appear at a hearing before the PLCB, only one appeared in response to the subpoena. That witness, a minor, testified that he was on the premises on the night in question, but that he had been refused service and ordered to leave approximately 20 to 25 minutes before the PLCB officers entered; additionally, he testified that he had been on the premises previously, "maybe three or four or five times", allegedly to purchase fish sandwiches.

The scope of review applicable here, where the lower court took no testimony, is limited to determining "whether or not the Board's order was supported by sufficient evidence and whether the court below abused its discretion or committed an error of law." *Kosciuszki v. Pennsylvania Liquor Control Board,* 40 Pa. Commonwealth Ct. 407, 409, 397 A.2d 493, 494 (1979).

Section 493(14) of the Liquor Code, 47 P.S. §4-493(14), provides in pertinent part that it shall be unlawful for any licensee "to permit . . . minors to frequent his licensed premises or any premises operated in connection therewith, except minors accompanied by parents, guardians, or under proper supervision."

Thus, the issue here is whether the evidence suffices to establish "frequenting" as that term has been

viewed by the courts. The standard advanced by both parties was enunciated in *Speranza Liquor License Case,* 416 Pa. 348, 352, 206 A.2d 292, 294 (1965), where Justice COHEN said:

> To 'frequent' . . . means *to visit often* or *to resort to habitually* or *to recur again and again,* or more than one or two visits. [Citations omitted.] We do not mean to say that it must be found that the same minor or minors come to the premises habitually. But it must be established by a fair preponderance of *specific evidence* that, as a *course of conduct,* licensees permit minors to come on the premises. (Emphasis added.)

The PLCB contends that a finding of frequenting is here supported by the presence of eleven alleged minors on the premises on the date of the single inspection and the testimony of the sole minor witness that he had been on the premises on that date and "maybe three or four or five times" previously.

Initially, any finding of frequenting must stand or fall on that one witness' testimony alone, because the presence and escape of eight individuals, and the failure of two others to respond to subpoena, does not constitute the specific evidence of frequenting, on multiple occasions, as required under *Speranza, supra.* We cannot sustain a finding of frequenting by minors based only on what agents conclude from the generalities of one occasion.[1] *See In Re Revocation of License of Pirl,* 8 Fay. L.J. 79 (1945). No evidence

---

[1] Officers, through unchallenged hearsay testimony, gave evidence that some of the eight patrons who escaped (unnamed) had acknowledged being minors. There also was hearsay testimony, without objection, that the two patrons who did not respond to subpoena also acknowledged being minors. However, that evidence of the minority status of patrons nevertheless relates only to a single occasion, so that it does not support frequenting.

of *recurrent* presence of any minor was advanced other than the imprecise and conclusory testimony elicited from that sole witness.

As to whether his testimony alone suffices, we hold that the ambiguity of "maybe three or four or five times" does not meet the specificity of evidence of repeated visitation by minors that *Speranza* requires to support the charge. It should be noted that, in *Speranza*, the licensees themselves "made general statements indicating that on other occasions minors came to the licensed premises for food. But in regard to these occasions there was no evidence of names, *dates, or conditions surrounding their visits.* In short, [other than the finding relating to the date of the single inspection] there was no specific evidence going to the necessary element of whether minors 'frequent' the premises." (Emphasis added.) *Speranza, supra,* 416 Pa. at 351, 206 A.2d at 294. In light of that reasoning, we must hold that the testimony here, also lacking any information as to the dates or circumstances of previous occasions, fails to establish such a course of conduct as "frequenting" requires.

Accordingly, we reverse the order of the Court of Common Pleas of Dauphin County which sustained the suspension imposed by the Pennsylvania Liquor Control Board.

Judges MENCER, BLATT and MACPHAIL dissent.

## ORDER

AND Now, this 11th day of July, 1980, the June 1, 1978 order of the Court of Common Pleas of Dauphin County at No. 186 M.D. 1977, is reversed, and the thirty (30) day suspension of Restaurant Liquor License No. R-17844, issued to Arthur Alexander Banks, is vacated.