## In The Matter of Revocation of Restaurant Liquor License (Harty's Entertainment Banquet Co.)

*Gregory Nichols*, for appellant.
*Charles Wade*, for appellee.

LOUGHRAN, *J.*, January 6, 1982—And now, January 6, 1982, after a hearing de novo in the within appeal from an order of the Pennsylvania Liquor Control Board dated July 23, 1981 this court makes the following findings of fact, conclusions of law, discussion and order:

## FINDINGS OF FACT

1. That Harty's Entertainment & Banquet Co., hereinafter "Harty's" is a duly organized Pennsylvania corporation having its principal place of business at Lincoln Highway, R.D. #7, Greensburg, Pa. 15601.

2. That Harty's is duly licensed by the Pennsylvania Liquor Control Board, hereinafter "Board," to conduct a restaurant, lounge and banquet facility at its principal business address.

3. That license was issued to Harty's on May 1, 1975, and since that time, there has been one citation against their record being no. 1451 of 1975.

4. That on March 25, 1981, the hereinafter "board" issued citation no. 576 of 1981 against Harty's alleging sales to minors and permitting minors to frequent.

5. That a hearing was held before a hearing examiner of the board in Pittsburgh on May 12, 1981, wherein testimony was presented on the above allegations.

6. That pursuant to testimony presented on May 12, 1981, the board issued an opinion and order on July 23, 1981, imposing a $350 fine based inter alia upon the following findings of fact:

(a) The licensee, by its servants, agents, or employees permitted minors to frequent the licensed premises, on February 26, 1981.

(b) The licensee, by its servants, agents or employees sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors on February 26, 1981.

7. That an appeal from order of the board was timely filed and this court has proper jurisdiction over the parties to and subject matter of the instant proceeding.

8. That at a hearing held on December 2, 1981, testimony was presented by both parties and is to be considered by the court de novo.

9. That testimony indicated the presence of three minors on the licensed premises.

10. That testimony indicated only one date (February 26) when said minors were present upon the licensed premises.

11. That testimony indicated that two minors produced identification which purported their age to be 21 years or older.

12. That testimony revealed that the third minor, by design, gained surreptitious entry into Harty's premises.

13. That testimony revealed that the promotion at Harty's on February 26, 1981, was intended to be

a private affair and that the premises was rented out for private use.

14. That on February 26, 1981, an advertisement promoting the event at Harty's was run in the Greensburg-Tribune newspaper.

15. That the advertisement was run without the knowledge of Thomas Hartman.

16. That upon learning of the advertisement, Thomas Hartman expressed vehement disapproval and threatened to cancel the contract of rental.

17. That Thomas Hartman complied with his agreement to rent the premises under threat of a lawsuit if he failed to comply with rental agreement.

18. That Harty's provided doormen to card for age all individuals who entered the premises.

19. That 222 individuals gained entry to the event and in excess of that number were turned away at the door for failure to produce identification establishing them to be 21 years of age.

20. That an open inspection was conducted by the board through its enforcement officers on February 26, 1981, at 11:15 pm and the above three minors were found to be present upon Harty's licensed premises.

## DISCUSSION

The Pennsylvania Liquor Control Board's order of July 23, 1981 imposing a $350 fine against the licensee for permitting minors to "frequent" the premises and permitting sales to minors on February 26, 1981 is clearly erroneous. It is established law in this Commonwealth that the burden is upon the board to prove by a preponderance of the evidence that minors have frequented the licensed premises "on more than one or two dates." (See

Appeal of Speranza, 416 Pa. 348, 206 A. 2d 292 (1965)). The enforcement officers testified that the only date of violation in serving minors was February 26, 1981. Therefore, the board has failed to establish by competent testimony that minors "frequented" the licensed premises, and there is no violation of law in that regard.

Although this court finds as a fact that three minors were served upon the licensed premises on February 26, 1981, in looking at the entire circumstances of the evening and the intent of the licensee, the infraction was at best "de minimus," offered testimony before this court. Two minors were 19 and one was 20. The two who gained entry through use of bogus identification cards state that they have passed for 21 years of age before. The third gained surreptitious entry through no fault of licensee and was therefore, never seen prior to entry upon the premises. Although it is recognized that the only defense to service of minors is compliance with Section 495 of the Liquor Code, 47 P.S. §4-495, the circumstances surrounding the entire incident must be viewed as mitigation towards the violations of the licensee.

The powers of the board are defined in Section 471 of the Liquor Code, 47 P.S. §471, as that of revocation, suspension or imposition of a fine from $50 to $1,000, however, it is a commonly recognized policy of the board to issue a warning where circumstances warrant.

The court hears appeals from decisons of the board de novo 47 P.S. §471. If the board may issue a warning, the court in a de novo hearing, must hold the same powers.

The record of the licensee according to the board and the licensee reveals that the licensee has one citation for serving minors in 1975. Clearly the

licensee deserves some consideration for a spotless record for six years. The circumstances as considered by this court warrant the issuance of a warning to the licensee.

## CONCLUSIONS OF LAW

1. That the board has failed to establish by competent testimony that minors frequented the licensed premises in that testimony was offered as to only one specific date.

2. That Harty's served three minors liquor, malt and/or brewed beverages on February 26, 1981 and that this violation under the circumstances was not intentional on the part of the licensee and was a "de minimus" infraction.

## ORDER OF COURT

And now, January 6, 1982, upon consideration of testimony offered de novo and based upon the foregoing findings of fact and conclusions of law, it is hereby ordered, adjudged and decreed that the order of the Liquor Control Board imposing a $350 fine upon the above named licensee shall and is hereby reversed and the licensee is hereby issued a warning.