540 A.2d 334

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant v. The Upstage Corporation, Appellee.

Submitted on briefs March 21, 1988, to Judges BARRY and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Faith S. Kiehl*, Assistant Counsel, for appellant.

*Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri, P.C.*, for appellee.

OPINION BY JUDGE BARRY, April 14, 1988:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Allegheny County which reversed a Board order which imposed a $500 fine upon the Upstage Corporation (licensee) for allowing a minor to frequent the premises and serving a minor intoxicating beverages.

The licensee was cited by the Board on September 11, 1985 after Liquor Control Board Agents witnessed a minor consuming alcohol on the premises. On this date the minor was not required to show identification to gain entrance to the licensee's establishment or when she was served the liquor. On a previous occasion the minor had been requested, by the licensee's doorman, to present identification. She presented a birth certificate fraudulently depicting her age to be 24 years. The licensee did not request the minor to sign a minor identification card.

The licensee appealed this citation. The Board found that:

1) The licensee, by its servants, agents or employes permitted minor(s) to frequent the licensed premises, on August 21, 28, September 4, 9 and 11, 1985.

2) The licensee, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minor(s), on August 21, 28, September 4, 9 and 11, 1985.

Based on these findings of fact, the Board concluded that the licensee should pay a $500 fine.

The licensee appealed the Board's decision. The trial court opined that a birth certificate was sufficient to establish the age of a person seeking to be served intoxicating beverages. The trial court concluded that the licensee had made a good faith effort to determine the age of the minor, thereby establishing a complete defense to all charges, and reversed the Board's decision to assess the fine.

The Board alleges that it established that the licensee had allowed minors on its premises and had served minors on the five cited dates. The Board argues that the trial court erred as a matter of law in deciding

that the licensee should not be required to pay the fine based on the licensee's good faith efforts to determine the age of the minor. The Board submits that one of its licensees may utilize a patron's birth certificate to aid in determining the patron's age. However, the Board argues, when the age of the patron is questioned the licensee must require the patron to sign a statement attesting to his/her legal age.

Our scope of review when the trial court holds a de novo hearing is limited to a determination of whether there is sufficient evidence to support the court's determination and whether the trial court committed an error of law or abused its discretion. *In Re: Peters Pub, Inc.,* 94 Pa. Commonwealth Ct. 282, 503 A.2d 499 (1986).

The violations alleged are based upon Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1) and Section 493(14) of the Code, 47 P.S. §4-493(14), which provide:

It shall be unlawful—

(1) For any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor of malt or brewed beverages . . . to any minor . . .

(14) For any . . . licensee . . . to permit . . . minors to frequent his licensed premises . . .

The only available defense of the licensee to a charge of violation of these subsections is complete compliance with Section 495(b) of the Code, 47 P.S. §4-495(b), which requires the patron to present either a Liquor Control identification card or a photo license. In addition, when a patron's age is in question, that patron must fill out a form certifying that he/she is of legal age. Section 495(c) of the Code requires the licensee to keep these certifications on file on the premises. 47 P.S. §4-495(c). Section 495(e) provides:

the signed statement in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employee acted in good faith.

47 P.S. §4-495(e).

In the current matter the licensee did not require that the minor attest to her age by signing a certification form. Furthermore, the licensee did not maintain the required file of certifications. We have held that compliance with these provisions of the Liquor Code is essential to a successful defense of the licensee. *In Re: Peters Pub, Inc., Appeal of Skowronek,* 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977). Therefore, the trial court committed an error of law.

However, we are unable to reinstate the Board's original fine of $500. This fine was imposed on the basis of five violations of the Code for allowing minors to frequent the licensee's establishment and five violations of the Code for serving minors alcohol. The minor testified before the trial court that she did frequent the licensee's establishment and was served alcohol on several occasions. However, when she was asked if she had been at the premises on the cited dates, she could not state an exact date as to four of the dates in question. The only date that was definitively established as being a date on which a minor was served or was on the premises was September 11, 1985. No other evidence was presented to the trial court that established that the minor had frequented the licensee's premises or was served alcohol on August 21, 28, September 4 and 9 of 1985. Therefore, the Board's factual findings cannot be based upon substantial evidence as from the record the minor's tes-

timony is insufficient as a matter of law to establish said violations. We believe that the trial court, based on the record, cannot find that four of these violations had occurred. Since the trial court's factual findings must be different from those of the Board's, the penalty imposed by the Board cannot stand. *In Re: Liprando,* 35 Pa. Commonwealth Ct. 489, 386 A.2d 630 (1978). Therefore, we remand to the trial court to perform its function of determining what the penalty should be for one violation of serving a minor and one violation of allowing a minor to frequent the licensee's establishment.

ORDER

Now, April 14, 1988, the order of the Court of Common Pleas of Allegheny County dated March 16, 1986, at No. S.A. 2255 of 1986, is hereby reversed and this matter is remanded to the trial court for it to assess a penalty upon the licensee for one violation of Section 493(1) of the Liquor Code and one violation of Section 493(14) of the Liquor Code.

Jurisdiction relinquished.