**[J-11-2018] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, | : : : : | No. 61 MAP 2017 |
| | : : | Appeal from the Order of the Commonwealth Court dated April 13, |
| Appellant | : : : : : | 2017 at No. 575 CD 2016 Affirming the Order of the Berks County Court of Common Pleas, Civil Division, dated |
| v. | : : : | March 15, 2016, docketed March 16, 2016, at  No. 15-17486. |
| JET-SET RESTAURANT, LLC, | : : | ARGUED:  May 17, 2018 |
| Appellee | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                             **DECIDED:  August 21, 2018**

I join Justice Baer's dissenting opinion in full.  As Justice Baer notes, the 2003 amendments added four additional instances of the word "frequent" to 47 P.S. § 4-493(14).  Utilizing the definition of "frequent" set forth in *Appeal of Speranza*, 206 A.2d 292 (Pa. 1965) results in a nonsensical construction of the statute as fully discussed by Justice Baer.  *See* Dissenting Op. of Baer, J. at 5-7.  I write separately to emphasize that a reading contrary to that outlined by the dissent results in a law that allows violations to occur on two occasions without penalty, before a citation is issued on the third occasion.

Section 4-493(14) clearly intends to penalize licensed establishments for allowing the admission of minors unless one of the enumerated exceptions applies.  To interpret the Act otherwise is to ignore the directive that it be construed to accomplish its purpose: "protection of the welfare, health, peace and morals of the people of the Commonwealth." 47 P.S. § 1-104.

Further, the *Speranza* definition is impractical to implement as it requires a system for tallying and tracking infractions prior to issuing a citation. Instantly, the Commonwealth Court noted that "Jet-Set was cited for permitting a minor to be present in a licensed premises on two occasions in 2014." Cmwlth Ct. Op. at 5. Because it was not Jet-Set's third known instance of allowing minors to be present, the Commonwealth Court determined no violation of Section 4-493(13) had occurred and the citation was improper. In my view, it is unlikely that the General Assembly intended to condone allowing licensed premises to knowingly admit minors into their establishments unless one of the Section 4-493(13) exceptions was met. For the foregoing reasons, I respectfully dissent.

Justice Baer joins this dissenting opinion.