**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, | : | No. 61 MAP 2017 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court dated April 13, |
| Appellant | : | 2017 at No. 575 CD 2016 Affirming |
| | : | the Order of the Berks County Court of |
| | : | Common Pleas, Civil Division, dated |
| v. | : | March 15, 2016, docketed March 16, |
| | : | 2016, at No. 15-17486. |
| | : | |
| JET-SET RESTAURANT, LLC, | : | |
| | : | |
| Appellee | : | ARGUED: May 17, 2018 |

## DISSENTING OPINION

**JUSTICE BAER**                                     **DECIDED: August 21, 2018**

I respectfully dissent from the majority's holding that there was insufficient evidence to demonstrate that liquor licensee Jet-Set Restaurant ("Jet Set") permitted minors to frequent its licensed premises when the record establishes that it admitted entry to four minors, three of whom presented identification confirming they were underage. The majority bases its holding on this Court's 1965 decision in *Appeal of Speranza*, 206 A.2d 292 (Pa. 1965), which defined the term "frequenting" as "more than one or two visits." *Id.* at 294. Because I find that *Speranza* is not dispositive of this appeal as it interpreted a statute different from the one at issue here, I would reverse the Commonwealth Court's order, which upheld the dismissal of Jet Set's frequenting charge.

As noted by the majority, while conducting an investigation at Jet-Set on November 1, 2014, Bureau officers discovered four minors present on the licensed premises. Jet-Set was aware that most of these individuals were underage as Bureau officers observed

three of them gain entry by presenting identification to the doorman that revealed they were minors. Bureau officers further observed one minor purchase a bottle of beer inside the establishment and another minor consume two beers purchased by a patron of the bar. Finally, the officers learned that Jet-Set had permitted one of the minors to enter the premises on a prior occasion.

The Bureau subsequently issued a citation to Jet-Set, alleging that it permitted minors to frequent the premises in violation of Section 493(14) of the Liquor Code ("Code"), 47 P.S. §4-493(14), set forth in full *infra* at 4.[1] Several months later, an administrative law judge issued an adjudication dismissing the frequenting count, and both the Pennsylvania Liquor Control Board and the trial court affirmed this dismissal. The Commonwealth Court also affirmed, relying on *Speranza's* definition of "frequent" as encompassing more than one or two visits to the licensed premises.[2]

As explained by the majority, in *Speranza*, a hotel liquor licensee was charged with allowing minors to frequent its premises after ten individuals under the age of twenty-one were present in the establishment, eating pizza and drinking soda without alcoholic beverages being requested or served. At issue on appeal to this Court was whether there was sufficient evidence to support the frequenting charge. Notably, at the time *Speranza* was decided, Subsection 493(14), entitled, "Permitting undesirable persons or minors to frequent premises," employed the term "frequent" once in the text of the provision and stated in its entirety:

---

[1] Jet Set was also cited for furnishing alcohol to minors, but that charge is not at issue in this appeal.

[2] Judge Patricia McCullough dissented, opining, *inter alia*, that the profound change in statutory language in the 2003 amendments to Section 4-493(14) of the Code reflects a change in the General Assembly's policy regarding the presence of minors in licensed establishments, thus, the *Speranza* definition of "frequent" did not apply. As explained *infra*, I agree with this position.

> It shall be unlawful --
>
>             *                    *                    *
>
> (14) For any hotel, restaurant or club liquor licensee, or any retail dispenser, his servants, agents or employes, to permit persons of ill repute, known criminals, prostitutes or minors to frequent his licensed premises operated in connection therewith, except minors accompanied by parents, guardians, or under proper supervision.

Act of April 12, 1951, P.L. 90, *former* 47 P.S. § 4-493(14).

The *Speranza* Court defined the term "frequent" in this context to mean "to visit often or to resort to habitually or to recur again and again, or more than one or two visits." 206 A.2d at 294. This Court explained in *Speranza* that "[w]e do not mean to say that it must be found that the *same* minor or minors come to the premises habitually. But it must be established by a fair preponderance of specific evidence that, as a course of conduct, licensees permit minors to come on the premises." *Id.* (emphasis in original). Applying such law to the facts presented, the *Speranza* Court concluded that there was insufficient evidence to sustain a violation of Section 493(14).

The majority concludes that *Speranza* is dispositive of the instant appeal, reasoning that the Legislature intended the term "frequent" in Section 493(14) of the current Code to mean the same as it did in the previous version of the statute, which we defined in *Speranza*. *See* Slip Op. at 9-10 (citing 1 Pa.C.S. § 1922(4) (providing "[t]hat when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language"). Finding that the Bureau did not establish that Jet Set permitted minors on the licensed premises more than twice, the majority concludes that there was insufficient evidence to support the frequenting count.

Contrary to the majority, I would adopt the position of the Commonwealth Court dissent, set forth by Judge Patricia McCullough. The dissent opined that nearly forty years after *Speranza* was decided, the General Assembly enacted the 2003 amendments

to Section 493(14), which are dispositive of this appeal and state, in their entirety, as follows:

It shall be unlawful—

*          *          *

(14) PERMITTING UNDESIRABLE PERSONS OR MINORS TO FREQUENT PREMISES. For any hotel, restaurant or club liquor licensee, or any retail dispenser, his servants, agents or employes, to permit persons of ill repute or prostitutes to frequent his licensed premises or any premises operated in connection therewith.

Minors may only frequent licensed premises if: (a) they are accompanied by a parent; (b) they are accompanied by a legal guardian; (c) they are under proper supervision; (d) they are attending a social gathering; or (e) the hotel, restaurant or retail dispenser licensee has gross sales of food and nonalcoholic beverages equal to fifty per centum or more of its combined gross sale of both food and alcoholic beverages. If a minor is frequenting a hotel, restaurant or retail dispenser licensee under subsection (e), then the minor may not sit at the bar section of the premises, nor may any alcoholic beverages be served at the table or booth at which the said minor is seated unless said minor is with a parent, legal guardian or under proper supervision. Further, if a hotel, restaurant, club liquor licensee or retail dispenser is hosting a social gathering under subsection (d), then written notice at least forty-eight hours in advance of such gathering shall be given to the Bureau of Enforcement. If a minor is frequenting licensed premises with proper supervision under subsection (c), each supervisor can supervise up to twenty minors, except for premises located in cities of the first class, where each supervisor can supervise up to five minors. Notwithstanding any other provisions of this section, if the minors are on the premises as part of a school-endorsed function, then each supervisor can supervise fifty minors. Nothing in this clause shall be construed to make it unlawful for minors to frequent public venues, performing arts facilities or ski resorts.

Act of May 8, 2003, P.L. 1, 47 P.S. § 4-493(14).

The dissent agreed with the Bureau that the profound change in statutory language in the 2003 amendments reflected a change in the General Assembly's policy regarding the presence of minors in licensed establishments. It emphasized that while the prior version of the statute generally prohibited licensees from permitting minors to frequent

licensed premises, the 2003 amendments, when read in their entirety, set forth detailed and exclusive circumstances under which minors could lawfully be present in a licensed establishment, *i.e.*, when the minor is accompanied by a parent or legal guardian, is under proper supervision as defined by the Code, is attending a social gathering as defined by the Code, or where the establishment sells primarily food and incidentally alcohol. The dissent found that this comprehensive statutory language plainly suggests that if a licensee knowingly permits a minor to visit a licensed premises absent Section 493(14)'s protections, as occurred here, the licensee has permitted the minor to visit unlawfully or frequent the premises in violation of that statutory provision. To hold to the contrary, the dissent opined, absent any inquiry as to the number of minors present in the licensed establishment or the manner in which they gained entry, would be inconsistent with the General Assembly's clearly expressed intent to restrict minors' unsupervised presence in places where alcohol is served.

I agree with these sentiments. While there is facial appeal to the majority's analysis due to the Legislature's continued use of the word "frequent," such construction ignores the substantial disparity between the text of the prior statute and that of the 2003 amendments and, most importantly, the context in which that term is employed in the current statutory provision when viewed in its entirety. Simply put, the *Speranza* Court interpreted different language than that at issue herein; thus, there should be no presumption that the General Assembly intended for the word "frequent" to retain the same meaning as this Court afforded it in our 1965 decision in *Speranza*.

To illustrate, the *Speranza* Court interpreted the word "frequent" as used once in the prior version of Section 493(14), while the current statute employs the term five times in the text of the provision. If one would insert the *Speranza* definition of "frequent" (*i.e.*, visited more than once or twice) into each of the five instances where that term is

employed, Section 493(14) would make little sense. For example, Section 493(14) directs that if a minor is "frequenting" a licensed hotel or restaurant that sells primarily food and incidentally alcohol, "then the minor may not sit at the bar section of the premises, nor may any alcoholic beverages be served at the table or booth at which the said minor is seated unless said minor is with a parent, legal guardian or under proper supervision." 47 P.S. § 4-493(14). Utilizing the *Speranza* Court's definition of "frequent," a minor could arguably sit at the bar or have alcoholic beverages served at an unsupervised table so long as it was the minor's first or second time in the licensed facility. Similarly, Section 493(14) states, "[i]f a minor is frequenting licensed premises with proper supervision under subsection (c), each supervisor can supervise up to twenty minors. . . ." 47 P.S. § 4-493(14). Employing the *Speranza* definition would leave unanswered the number of minors that a supervisor could oversee on the minor's first or second visit to the establishment. Finally, Section 493(14) states "[n]othing in this clause shall be construed to make it unlawful for minors to frequent public venues, performing arts facilities or ski resorts." 47 P.S. § 4-493(14). Concluding that "frequent" denotes visiting more than twice would render the sentence nonsensical as it would suggest a potential illegality if the minor visited the particular venue on a single occasion.

When read in its entirety, it becomes clear that the Legislature did not intend to import into the 2003 amendments to Section 493(14) the meaning of "frequent" that this Court utilized when interpreting a different statute nearly forty years before. Giving effect to all of the provisions of Section 493(14), while avoiding an unreasonable or absurd result, I would conclude that the Legislature intended the term "frequent," as used in the current version of Section 493(14), to mean "visit." *See* 1 Pa.C.S. § 1922(2) (presuming that the General Assembly intends the entire statute to be effective and certain); *id.* § 1922(1) (presuming that the General Assembly does not intend a result that is absurd,

impossible of execution, or unreasonable).  As noted, the evidence established that a Jet-Set employee permitted four minors to visit the licensed premises, three of whom had been permitted entry after Jet-Set confirmed they were underage and one of whom had been permitted entry on a prior occasion.  Accordingly, I would find such evidence sufficient to establish a violation of Section 493(14).

I readily acknowledge that the case would be much simpler, in fact would not be before us, had the General Assembly employed a term other than "frequent" in the revised Section 493(14).  The General Assembly may desire to revisit the statutory provision so that the Bureau will be able to carry out its obligations in this regard, unhampered by the continued application of the *Speranza* decision.