JUSTICE MUNDY, Dissenting
I join Justice Baer's dissenting opinion in full. As Justice Baer notes, the 2003 amendments added four additional instances of the word "frequent" to 47 P.S. § 4-493(14). Utilizing the definition of "frequent" set forth in Appeal of Speranza , 416 Pa. 348, 206 A.2d 292 (1965) results in a nonsensical construction of the statute as fully discussed by Justice Baer. See Dissenting Op. of Baer, J. at 827-29. I write separately to emphasize that a reading contrary to that outlined by the dissent results in a law that allows violations to occur on two occasions without penalty, before a citation is issued on the third occasion.
Section 4-493(14) clearly intends to penalize licensed establishments for allowing the admission of minors unless one of the enumerated exceptions applies. To interpret the Act otherwise is to ignore the directive that it be construed to accomplish its purpose: "protection of the welfare, health, peace and morals of the people of the Commonwealth." 47 P.S. § 1-104.
Further, the Speranza definition is impractical to implement as it requires a system for tallying and tracking infractions prior to issuing a citation. Instantly, the Commonwealth Court noted that "Jet-Set was cited for permitting a minor to be present in a licensed premises on two occasions in 2014." Cmwlth Ct. Op. at 820. Because it was not Jet-Set's third known instance of allowing minors to be present, the Commonwealth Court determined no violation of Section 4-493(13) had occurred and the citation was improper. In my view, it is unlikely that the General Assembly intended to condone allowing licensed premises to knowingly admit minors into their establishments unless one of the Section 4-493(13) exceptions was met. For the foregoing reasons, I respectfully dissent.
Justice Baer joins this dissenting opinion.