Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board v. Argonne Tavern, Inc. Pennsylvania Liquor Control Board, Appellant.

Argued May 6, 1976, before President Judge Bow-
MAN and Judges MENCER and ROGERS, sitting as a panel
of three.

*J. Leonard Langan,* Assistant Attorney General,
with him *Harry Bowytz,* Chief Counsel, and *Robert P.
Kane,* Attorney General, for appellant.

*Charles F. Wade,* with him *Thomas R. Ceraso,* for
appellee.

OPINION BY JUDGE MENCER, June 24, 1976:

Chemical analysis of five open bottles of liquor
seized by officers of the Pennsylvania Liquor Control
Board (Board) on July 10, 1974 during an open in-
spection of the stock of the Argonne Tavern (Ar-
gonne) revealed variations in content beyond the nor-
mal limits of the brands whose labels appeared on the
bottles. As a result, the Board found Argonne in vio-
lation of Section 491(10) of the Liquor Code[1] which
makes it unlawful " [f]or any licensee or any employe
or agent of a licensee or of the board, to fortify, adul-
terate or contaminate any liquor, except as permitted
by the regulations of the board, or to refill wholly or

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-491(10).

in part, with any liquid or substance whatsoever, any liquor bottle or other liquor container'' and suspended its liquor license for 30 days. Argonne appealed to the Court of Common Pleas of Westmoreland County, which reversed the suspension. The Board now asks us to reinstate the 30-day suspension of Argonne's license.

Pursuant to Section 471 of the Liquor Code, 47 P.S. §4-471, *in an appeal from the Board* the lower court is to make its own findings of fact and conclusions of law. *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 252 A.2d 568 (1968) ; *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974). On appeal to this Court from such a de novo hearing, we must affirm unless the court below committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. Wisnoff Company,* 13 Pa. Commonwealth Ct. 371, 318 A.2d 774 (1974). In the case at bar, the lower court made no findings of fact or conclusions of law. We must therefore remand.

The basis of the action by the court below was that the Board did not bear its burden of proving that the bottles were refilled by the licensee, its employees, or agents. In so concluding, the lower court ignored the presumption that the mere possession of adulterated liquor is prima facie evidence of knowledge of the illegal act and will impose liability unless rebutted. *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959) ; *400 Lounge, Incorporated Liquor License Case,* 204 Pa. Superior Ct. 207, 203 A.2d 362 (1964).

Because it did not discuss the existence of the presumption at all, the court made no conclusions as to whether the presumption was successfully rebutted. Argonne, of course, claims that it has rebutted the presumption, while the Board claims it has not. We

find it impossible, in the absence of findings of fact and conclusions of law on this crucial issue, to exercise our judicial review. We therefore reverse and remand to the Court of Common Pleas of Westmoreland County for further proceedings consistent with this opinion.

Judge KRAMER did not participate in the decision in this case.