Melissa, Inc. *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 7, 1977, before Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of two.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Gustine J. Pelagatti,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 26, 1978:

The Pennsylvania Liquor Control Board (Board) appeals an order of the court of common pleas which reversed a suspension of the liquor license issued to Melissa, Inc. (Appellee).

On appeal, we must affirm unless the court below committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. Argonne Tavern, Inc.,* 25 Pa. Commonwealth Ct. 286, 361 A.2d 480 (1976).

In its citation[1] the Board alleges violations of Section 493(25) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(25). The citation reads, in part, as follows:

> You, by your servants, agents, or employes permitted persons to be solicited or enticed for the purpose of the purchase of beverages for others, on or about June 27, July 19, 25, 1975, and on divers other occasions within the past year.

After hearing, the Board suspended Appellee's license for a period of sixty (60) days reiterating, in its findings, the language contained within the citation quoted above. Appellee appealed the Board's suspension to the court below which found that the regulation relied upon by the Board to establish Appellee's violation was improperly promulgated. We reverse.

Section 4-493(25) of the Code provides, in part, as follows:

> §4-493. Unlawful acts relative to liquor, malt and brewed beverages and licenses
>
> . . . .

---

[1] Citation No. 54 of 1976.

It shall be unlawful—

. . . .

(25)   For any licensee or his agent, to employ or permit the employment of any female at his licensed hotel, restaurant or eating place for the purpose of enticing customers, or to encourage them to drink liquor, or make assignations for improper purposes : . . . .

The Board, pursuant to its power to make regulations not inconsistent with the Code,[2] promulgated the following regulation:

No licensee, servant, agent, or employe thereof, may at any time permit any person on the licensed premises to solicit or entice any other person for the purpose of the purchase of any food, beverages, merchandise, service, or any other item or thing stored, possessed, served, sold, exposed for sale or dispensed on the licensed premises or any contiguous or adjacent premises or premises operated in connection therewith.  Section 13.101, 40 Pa. Code §13.101.

The court below, while recognizing that Appellee did *permit* females to encourage customers to drink alcoholic beverages, nevertheless, was of the opinion that the statute provided a more stringent test than that used in the regulation.  While the statute makes it a violation for any licensee to "employ or permit the employment of any female . . . for the purpose of enticing," the regulation makes it unlawful for a licensee merely to "permit any person . . . to solicit or entice."  The statute, framed in terms of employment, arguably places a more difficult burden upon the

---

[2] Section 207(i) of the Code, 47 P.S. §2-207(i).

Board than does the regulation. Based upon this reasoning, the court below found the regulation improper and reversed the Board. Without expressing an opinion as to whether the regulation is invalid, our thorough review of the record and our careful reading of the statute itself convince us that the court below erred as a matter of law in failing to conclude that the unrebutted testimony presented by the Board was sufficient to establish a violation of the statute itself. The uncontradicted testimony of two Philadelphia police officers who appeared before the Board establishes that Appellee violated the proscriptions of the statute itself.

In each case, an officer entered the licensee's establishment and was subsequently approached by a "soliciting" female. The record establishes that, in each instance, without first ascertaining what the woman wished to drink, she was served a "red liquid in a shot glass" in addition to a "tall chaser glass with a plastic stirrer." After receiving her drink, the woman would then remove the stirrer from the glass and place it in her pocketbook. As the officer and woman talked, the waitress continually refilled the latter's glass without first being requested to do so. On each occasion, these drinks were paid for by the policeman. One officer stated that the "soliciting" female would "take this red liquid into her mouth and spit it back into the chaser glass without consuming it." When, at one point, one officer asked the woman if she would like to go someplace less expensive, she replied she could not leave until 2 o'clock A.M.

This testimony convinces us that the court below erred. We, therefore, hold that Appellee violated Section 493(25) of the Code and accordingly we reverse and reinstate the order of the Board.

Accordingly, we

### ORDER

AND NOW, this 26th day of January, 1978, the decision and order of the Court of Common Pleas of Philadelphia County is hereby reversed and the order of the Liquor Control Board suspending the liquor license of Melissa, Inc., for a period of sixty (60) days is hereby reinstated. This suspension shall take effect at 7 o'clock A.M. on the 30th day following the date of this Order.