In Re: Appeal in the Matter of Revocation of Club Liquor License No. C-4292, Issued to Harrison City Fire Protective Association, First Street, Harrison City, Pennsylvania 15636. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*James P. Deeley,* with him *J. Leonard Langan,* Assistant Attorney General, *Kenneth W. Makowski,* Acting Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

No appearance or brief for appellee.

OPINION BY JUDGE DiSALLE, September 14, 1978:

This is an appeal of an order of the Court of Common Pleas of Westmoreland County dated July 12, 1977. The order reduced a fine imposed by the Pennsylvania Liquor Control Board (Board) against the Harrison City Fire Protective Association (Club) pursuant to a citation for violation of the Pennsylvania liquor laws and regulations.

On October 24, 1976, Steve Sandrovich (Sandrovich), a Pennsylvania Liquor Control Board enforcement officer, visited the Club. Immediately upon entering, he was stopped and asked if he was a member. When he replied that he was not, he was told

to complete a membership application form and pay the sum of one dollar. He complied with this request, using a fictitious name and address. He was then admitted and was served alcoholic beverages. Subsequently, Sandrovich returned to the Club on November 13, December 4, and December 11, 1976, and purchased liquor.

On December 11, 1976, Sandrovich entered the Club with other law enforcement officers and conducted an open inspection. This inspection revealed between 75 and 100 individuals present, including four minor females. The four minors had been sold liquor and malt beverages on the date of the inspection. As a result of this incident, the Board issued Citation No. 37 of 1977.

Subsequent to a hearing on this citation, the Board made the following Findings of Fact:

1. The licensed organization, by its servant, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to non-members, on October 24, November 13, December 4, 11, 1976.

2. The licensed organization, by its servants, agents or employes permitted minors to frequent the licensed premises, on December 11, 1976, and on divers other occasions within the past year.

3. The licensed organization, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on December 11, 1976.

Based on these findings, and the prior citations and penalties imposed upon the Club in 1964, 1965, and 1968, the Board issued an order imposing a fine of $500.00 on the Club. This determination was appealed to the lower court. It was argued that the

Board's Findings of Fact were not supported by substantial evidence and that its order was arbitrary and capricious.

On June 24, 1977, the lower court conducted a hearing de novo in the matter. The parties stipulated that the testimony of the minors involved, who had been subpoenaed and were present, would be submitted to the court on the record made before the Board. Thereafter, Sandrovich testified to the facts as set forth above. In its decision, the court stated that nothing in the testimony indicated a pattern of serving minors. The court observed that the four minors present at the time of the inspection appeared mature and could have easily been taken for adults. The court also questioned whether Sandrovich's means of gaining access to the Club was entrapment, but made no ruling on this point. Finally, the court stated that although the Board presented no evidence to show that the Club's method of obtaining members was irregular, it was obvious to the court that the method was most irregular.

The court concluded that because of the questionable method used in obtaining entrance to the Club and the fact that, of the 100 persons on the premises, only four were minors, all of whom appeared to be over 21 years of age, the $500 fine imposed by the Board was excessive. The court issued an order reducing the fine to $250 and the Board appealed.

The Board raises two issues on appeal: (1) the lower court erred in finding that "there was no evidence produced that the method of obtaining members by the licensee was an irregular method of obtaining members;" and (2) the court exceeded its authority by reducing the fine imposed without changing any material findings of fact made by the Board.

It is clear that the lower court could not modify the penalty imposed by the Board unless the facts

found by the court were materially different from those found by the Board. *Pennsylvania Liquor Control Board v. American and Croation Singing Society,* 18 Pa. Commonwealth Ct. 614, 336 A.2d 699 (1975). Because the lower court failed to make specific findings, it is difficult to discern the reason for its reduction of the penalty. Although the court stated that there was no evidence presented which indicated that the Club's method of obtaining members was irregular, it added that it was self-evident that the method used was, in fact, most irregular. Section 102 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-102, states that a "club shall . . . admit members by written application, investigation, and ballot. . . ." The facts of this case as recited by the lower court make it clear that this procedure was not followed. Likewise, although the court questions the method used by Sandrovich to gain entry into the Club, it did not actually decide whether his actions amounted to entrapment. Therefore, we have no variant finding which would appear to justify the court's reduction of penalty.

Under the circumstances then, it would seem that the reduction was improper. However, in its opinion, the court states that there was absolutely no evidence presented to indicate a pattern on the part of the licensee of permitting minors to frequent the premises.[1]

---

[1] In *Speranza Liquor License Case,* 416 Pa. 348, 352, 206 A.2d 292, 294 (1965), the Supreme Court said:

> To 'frequent', in the context of the relevant statutory provision, means to visit often or to resort to habitually or to recur again and again, or more than one or two visits. . . . We do not mean to say that it must be found that the *same* minor or minors come to the premises habitually. But it must be established by a fair preponderance of specific evidence that, as a course of conduct, licensees permit minors to come on the premises. (Citations omitted.)

Had the court made this a "finding" and relied upon it to reduce the penalty, this would have been proper, since our review of the record convinces us that the Board did not sustain its burden of proof as to this charge. In the view of the court's statement, and in the interest of judicial economy, we will not remand, but will consider the statement as a finding of fact materially at variance with those made by the Board. Consequently, the court's reduction of penalty was proper. (*See Smart, Inc. v. Pennsylvania Liquor Control Board*, 16 Pa. Commonwealth Ct. 37, 328 A.2d 923 (1974)).

Judge MENCER dissents.

### AMENDED ORDER

AND Now, this 27th day of September, 1978, the Order of the Court of Common Pleas of Westmoreland County modifying the fine imposed by the Pennsylvania Liquor Control Board upon the Harrison City Fire Protective Association from $500 to $250 is hereby affirmed.