Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Camac Bar, Inc., Appellee.

Argued April 5, 1978, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Mark S. Syrnick,* Assistant Attorney General, with him *James P. Deeley,* Assistant Attorney General, and *Kenneth W. Makowski,* Acting Chief Counsel, for appellant.

*Julian E. Harmon* and *Johnson & Harmon,* for appellee.

OPINION BY JUDGE DiSALLE, June 12, 1979:

The Pennsylvania Liquor Control Board (Board) has appealed from the order of the Court of Common Pleas of Philadelphia County which sustained the appeal of Camac Bar, Inc., (Licensee) from the Board's imposition of a fine of $750.00 in accordance with Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.[1]

On March 22, 1977, the Board issued a citation against Licensee to show cause why a fine should not be imposed for an alleged violation of the Code and/or Board regulation. On May 10, 1977, Licensee executed a waiver of hearing, admitted the facts and allegations contained in the citation and consented to the entry of a decree without a hearing. The citation contained the following allegations:

> On November 1, 1974, in the Court of Common Pleas, Trial Division, Criminal Section, County of Philadelphia, at No. M.C. 74-04-1599, your corporate secretary-treasurer, Thermon D.

---

[1] Section 471 pertinently provides as follows:

Upon learning of any violation of this act or . . . upon any other sufficient cause shown, the board may . . . cite such licensee . . . to show cause why such license should not be suspended or revoked or a fine imposed. . . .

Harmon, was found guilty of violations of Sections 902(a) and 903(b) of the cigarette Tax Act of 1970 [sic] and was sentenced to a fine [of] Five Hundred Dollars or thirty days in the Philadelphia County prison (902(a)) and a fine of One Thousand Dollars or sixty days in the Philadelphia County prison (903(b)). His appeal of the aforementioned sentence was denied by the Superior Court, Commonwealth of Pennsylvania, and the sentence affirmed on December 20, 1976; ....

The Board reviewed the pending citation and waiver, as well as Licensee's citation history, and imposed a fine of $750.00. Licensee appealed this decision to the common pleas court.

Although a hearing was initially scheduled, the parties stipulated that no additional testimony was to be offered and that the matter was to be submitted to the court on the basis of the citation, waiver, record, and other supporting memoranda. Relying on *Pennsylvania Liquor Control Board v. Herb Anthony Enterprises, Inc.,* 35 Pa. Commonwealth Ct. 343, 386 A.2d 1043 (1978), the court sustained Licensee's appeal and vacated the Board's order, reasoning that the Board erred as a matter of law in failing to make a specific finding of fact as to whether Licensee's secretary-treasurer, Thermon D. Harmon, was acting on behalf of, or with the acquiescence of, Licensee. Noteworthy for present purposes is the fact that the Court made no findings which differed materially from those found by the Board; indeed, the facts of this case were admitted by Licensee.

It is well-established that a reviewing court may not disturb the penalty imposed by the Board save where certain constitutional questions are involved[2] or where the court makes findings of facts which materially dif-

---

[2] No constitutional questions are involved in the instant case.

fer from those found by the Board. *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 310 A.2d 81 (1973); *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 252 A.2d 568 (1968). Our reading of these cases, and especially Justice POMEROY's probing dissent in *Carver House, Inc., supra,* leaves little doubt that, for reasons not entirely clear, the Supreme Court has seen fit to preclude a reviewing court's consideration of even alleged errors of law by the Board except under the circumstances just enumerated.[3] We are compelled to conclude, therefore, that the court of common pleas in the instant case was without power to vacate the Board's order imposing penalties since it failed to make findings of fact materially different from those made by the Board. We reverse.

ORDER

AND Now, this 12th day of June, 1978, the order of the Court of Common Pleas of Philadelphia County dated January 30, 1978, vacating the order of the Pennsylvania Liquor Control Board, is hereby reversed, and said order is reinstated.

---

[3] In *Carver House, Inc. v. Liquor Control Board,* 3 Pa. Commonwealth Ct. 453, 457 n. 2, 281 A.2d 473, 475 n. 2 (1971), our Court, through Judge CRUMLISH, suggested that the Supreme Court reconsider this unusually narrow scope of review.