## In re Shorto

*Robert Davis Gleason,* for petitioner.
*Walter A. Criste,* for respondent.

O'KICKI, *J.,* April 29, 1980—The issue in this case evolves from the possession of one can of beer in the hands of a 20 year old female. At a Pennsylvania Liquor Control Board hearing held on May 24, 1979, in Altoona, Pennsylvania, the board found that the licensee, Rita Shorto, her agents or employes, permitted minors to frequent the licensed establishment on February 23 and March 1, 1979, and also permitted, sold or furnished an alcoholic beverage to a minor on March 1, 1979. As a result of these findings of fact, the board imposed a fine of $300 upon the licensee. The licensee thereupon takes this appeal.

From the testimony on appeal the court makes the following findings of fact:

1. The investigation conducted by the Pennsylvania Liquor Control Board was conducted from January 13 through March 2, 1979.

2. On March 1, 1979, investigators did not witness consumption of alcohol by minors but did see one minor in possession of one can of beer.

3. The minor testified that she was 20 years old, that she did "sip" on that one beer, that the beer was

purchased and given to her by "someone" (another patron) at the bar.

4. The bartender did not sell and did not serve the one can of beer to the 20 year old female.

5. On March 1, 1979, two other female minors, one aged 19 and one aged 20, were present in the licensed establishment; neither minor purchased or consumed any alcoholic beverage.

6. All three minors had occasiond the bar "once maybe twice" prior to March 1, 1979.

There are two issues self-evident from these facts. (1) Did licensee, her agents or employes furnish or permit to be furnished alcoholic beverages to a minor? (2) Did licensee, her agents or employes permit young adults of minor age to frequent the licensee's establishment?

Testimony indicates that one person of minor age did receive and sip on one can of beer on the licensee's premises. This is a clear violation of the Liquor Code of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-493(1). It is a matter of appellate court law which this trial court must uphold and apply that the fact that the bartender did not personally serve or have knowledge that the minor was given a beer is no defense: J-J Bar, Inc. Liquor License Case, 210 Pa. Superior Ct. 349, 233 A. 2d 625 (1967). The board correctly found petitioner guilty of "serving alcoholic beverage to an underaged person," i.e., one can of beer to a 20 year old female. The record does not indicate whether she looked like 25 or 15. The 20 year old female stated solemnly under oath that she was there on one prior occasion, only to use the phone. The other minor testified with equal solemnity and sincerity that she and her friend, the third minor, had been on the premises "once maybe twice" before.

In Speranza Liquor License Case, 416 Pa. 348, 352, 206 A. 2d 292 (1965), the court stated:

"To 'frequent', in the context of the relevant statutory provision, means to visit often or to resort to habitually or to recur again and again, or more than one or two visits. [Citations omitted.] We do not mean to say that it must be found that the same minor or minors came to the premises habitually. But it must be established by a fair preponderance of specific evidence that, as a course of conduct, licensees permit minors to come on the premises."

The evidence shows that PLCB investigators from January 13 through March 2, 1979, discovered only three minors on the premises. These minors (by virtue of chronological age) were on the premises "once maybe twice" before; these prior visits may or may not have been during the period of investigation.

As stated in Appeal, Harrison City Fire Protection Assn. Liquor License, 37 Pa. Commonwealth Ct. 525, 529, 391 A. 2d 1090 (1978), and applied to this case: "no evidence presented indicates a pattern on the part of the licensee of permitting minors to frequent the premises." The finding of fact by the board that the licensee, Rita Shorto, permitted minors to frequent the Office Lounge is contrary to Speranza, supra, and Harrison, supra.

Our state legislators have set the standards of conduct with respect to the operation of the liquor business in Pennsylvania by enacting the 1951 Liquor Code, 47 P.S. §1-101 et seq. And this proceeding involving one can of beer has resulted therefrom. Our state legislators have also enacted standards of conduct, the violation of which constitutes a crime, and defined them as the Crimes Code,

18 Pa.C.S.A. §1 et seq. Since our Pennsylvania Liquor Code and its attendant regulations require the administrative officers and employes to investigate the character and reputation of any proposed licensee, it is legally presumed that licensees are law-abiding, highly respected and hard working citizens engaged in serving the public. It would logically follow that presumptions of good will in the promotion of the sale of liquor, a revenue making business for the state, and law abidingness are an integral part of every licensed operation. Licensees, then, should be entitled to greater privileges than ordinary citizens since they have been subjected to scrutiny, regulation and supervision by the Pennsylvania Liquor Control Board. Our decision does not go that far. We need only apply the standards applicable to an ordinary citizen in a criminal proceeding to reach a socially and economically just decision in this case.

Section 312(a) of the Crimes Code, 18 Pa.C.S.A. §312, provides:

"The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant: (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense."

Our research fails to uncover any appellate authority that permits or prevents the application of legislative standards of conduct as set forth in the Crimes Code to standards of conduct as required under the Liquor Code. We believe it must apply in this case. If ever there was a factual situation requiring the use of the de minimis rule it is this one.

A young woman, 20 years, 9 months and 13 days old, was given a beer by another patron, of proper age, who had purchased it. For her few sips she was punished, under our legislative standards, to pay $36 in fines and costs. The Pennsylvania Liquor Control Board assessed the licensee a $300 fine for this same infraction. (And the court is aware that PLCB is also pressing criminal prosecutions in addition to civil penalties in some cases.) A sip (or sips) of beer by a person 77 days short of his or her 21st birthday is NOT such socially prohibited conduct that thousands of taxpayers' dollars are to be used to prosecute the sippee and the licensee upon whose premises the sipping took place. A fortiori, the de minimis rule applies. After two months of investigation of the premises, PLCB found only a sip. The sippee was prosecuted and fined under our law. We find no further need to proceed against the licensee.

We enter the following conclusions of law:

1. One beer was sipped by a 20 year old minor on March 1, 1979 in the Office Lounge (Rita Shorto). Such minor paid her fine. Further action would be de minimis.

2. Minors have not frequented the establishment known as the Office Lounge (Rita Shorto) within the legal meaning and application of 47 P.S. §4-493(14).

3. The evidence is insufficient to support the finding of the Pennsylvania Liquor Control Board

that minors have frequented the establishment known as the Office Lounge.

4. The decision (findings and conclusions) of the Pennsylvania Liquor Control Board are reversed.

## ORDER

And now, April 29, 1980, after consideration of the above captioned matter, the court reverses the Pennsylvania Liquor Control Board's finding that petitioner permitted one beer to be served to a minor, and reverses the said board's finding that petitioner permitted minors to frequent the premises known as the Office Lounge.

The $300 fine imposed by the said board is vacated. The evidence is insufficient to sustain such imposition.