In Re: The Matter of the Catering Club Liquor License No. CC-4837, Issued to Fulton Post, Inc. etc.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

314

Argued May 6, 1981, before President Judge CRUM-LISH, JR. and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Patrick M. McHugh,* Assistant Attorney General, with him *James J. Fitzgerald, III,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*James R. Silvis, O'Connell & Silvis,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, December 21, 1981:

The Fulton County Court of Common Pleas reversed a Pennsylvania Liquor Control Board order imposing a $350.00 fine on Fulton Post, Inc. We reverse.

PLCB agents entered the Post, a licensed premises, with permission of the steward, to conduct an inspection for gambling devices.

"Our scope of review is limited to a determination of whether or not the PLCB's order is supported by sufficient evidence and whether or not the trial court committed an error of law or abused its discretion." *L. & G., Inc. v. Pennsylvania Liquor Control Board,* 43 Pa. Commonwealth Ct. 295, 299, 402 A.2d 305, 307 (1979).

The PLCB may inspect the entire licensee's premises during business hours,[1] and cite a licensee for any violation of the Liquor Code or any law of the Commonwealth.[2] Although gambling is not a specific violation, a license can be revoked if gambling is conducted on the premises, *Commonwealth v. Runkle,* 287 Pa. Superior Ct. 422, 430 A.2d 676 (1981).

The court below reasoned that Section 2-209 of the Code requires reasonable and probable cause[3] to conduct a warrantless search. We disagree since Section 2-209 specifically applies to a warrantless search for unlawful possession or manufacture of alcohol, not to a search incident to a lawful inspection.[4]

---

[1] Section 4-493(21) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(21). *See Pennsylvania Liquor Control Board v. American and Croation Singing Society,* 18 Pa. Commonwealth Ct. 614, 336 A.2d 699 (1975).

[2] Section 4-407 of the Code, 47 P.S. §4-471. *See V.J.R. Bar Corp. v. Pennsylvania Liquor Control Board,* 480 Pa. 322, 390 A.2d 163 (1978).

[3] Section 2-209 of the Code, 47 P.S. §2-209.

[4] We note here that the fact that the inspection was made to *specifically* search for gambling devices had no effect on the power of the PLCB to make such a search and seizure. The inspection for violations of the Code, or other laws of the Commonwealth, in the instant case, was a "reasonable" warrantless search as delineated by the U.S. Supreme Court. *See* n. 5, *infra.*

Fulton Post argues that the PLCB may not conduct warrantless searches, directing our attention to *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523 (1967), and its companion case, *See v. City of Seattle*, 387 U.S. 541 (1967), which held that "except in *certain carefully defined classes* of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant." *Camara, supra* at 528-29 (emphasis added).

Applying the *Camara* standard, we conclude that the warrantless search of Fulton Post was reasonable since it was made within the context of a "carefully defined class," the liquor industry. The uniqueness of the liquor industry, the pervasiveness of government regulation found in this industry,[5] and the broad powers granted to states to regulate the industry under the U.S. Constitution[6] justify warrantless searches of premises serving alcohol.[7]

---

[5] *Donovan v. Dewey*,     U.S.     , 101 S.Ct. 2534 (1981) (recognizing that warrants may not be required when "warrantless searches are necessary to further a regulatory scheme . . ." in a pervasively regulated industry); *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 313 (1978) (recognizing the exception to warrant requirement in closely regulated industries); *U.S. v. Biswell*, 406 U.S. 311, 316 (1972); (effective inspection routine in gun industry could reasonably require unannounced warrantless inspections); and *Colonnade Catering Corp. v. U.S.*, 397 U.S. 72, 77 (1970) (acknowledging Congress's broad powers to regulate the liquor industry).

[6] Amend. XXI, Section 2, which states: "The transportation or importation into any state, territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the law is hereby prohibited."

[7] *See Commonwealth v. Runkle*, 287 Pa. Superior Ct. 422, 430 A.2d 676 (1981), for similar facts and holding as in the case before us, the Superior Court finding a PLCB agent's warrantless search to be reasonable.

Alternatively, the court below found that there was insufficient evidence to support the fine imposed by the PLCB. We disagree.

A PLCB agent testified that he observed patrons at the bar opening numeral tip seal tickets. In searching the bar area, over 1,000 bingo and numeral tip seal tickets were discovered. In addition, punch boards and more tip seal tickets were found in cabinets in a storage area.

Although there is no specific statutory definition of gambling device, it has been defined as a device which can only be used for an unlawful purpose. *American Legion Post No. 51 Appeal,* 188 Pa. Superior Ct. 480, 149 A.2d 483 (1959). We conclude that the devices at issue are gambling devices, per se,[8] since they are purely games of chance, where the element of skill is inconsequential and they have no lawful use. *In Re American Legion Post No. 109,* 25 Pa. D. & C.2d 572, *aff'd sub nom., Magaro Appeal,* 197 Pa. Superior Ct. 10, 176 A.2d 115 (1961). There is sufficient evidence to support the PLCB fine. Reversed.

## ORDER

The opinion of the Fulton County Court of Common Pleas per KELLER, J., filed May 20, 1980, is reversed and the order of the Pennsylvania Liquor Control Board, No. 1774, dated December 11, 1979, is reinstated.

_____

[8] *Compare, Commonwealth v. Rose,* 257 Pa. Superior Ct. 514, 390 A.2d 1356 (1978) (lottery tickets) ; *In Re American Legion Post No. 109,* 25 Pa. D. & C.2d 572, *aff'd sub nom., Magaro Appeal,* 197 Pa. Superior Ct. 10, 176 A.2d 115 (1961) (slot machines) ; *Commonwealth v. Bruno,* 176 Pa. Superior Ct. 115, 106 A.2d 95 (1954) (numbers slips) ; and *see* 18 Pa. C. S. §5513 (makes maintenance of a punchboard a misdemeanor).