Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Flowers & Davis Enterprises, Inc., Appellee.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Gary F. DiVitto*, with him, *J. Leonard Langan*, Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., May 27, 1983:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Philadelphia County, dated July 29, 1981, reversing the Board's order revoking the restaurant liquor license, No. R-2780, of Flowers and Davis Enterprises, Inc. (Appellee).

On August 20, 1980, the Board issued a citation to show cause why appellee's liquor license should not be revoked. An ex parte hearing was held on November 21, 1980, before a Board Hearing Examiner. The Board issued an opinion and order, dated December 29, 1980, revoking appellee's liquor license and ordering the forfeiture of the bond filed with the license application for the year beginning November 1, 1979 and ending October 31, 1980.[1] The Board's action was based on its sole finding of fact that

> [t]he licensee, by its servants, agents or employes possessed controlled substances on the licensed premises or on premises contiguous or adjacent thereto or used in connection therewith, on May 13, 1980. . . .

Appellee subsequently appealed to the court of common pleas, which in a *de novo* hearing held on July 29, 1981, reversed the Board's order revoking appellee's license and providing for the bond forfeiture.

Consistent with the language and decisions of the Supreme Court in *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 252 A.2d 568 (1968) and *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 310 A.2d 81 (1973), this Court has repeatedly adhered to the following:

> Pursuant to Section 471 of the Liquor Code, the lower court, on appeal from a decision of the

---

[1] Appellee's liquor license was revoked pursuant to Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-471.

Board is required to hold a hearing *de novo,*
*make its own findings of fact and conclusions of*
*law,* and then, in the exercise of its own discre-
tion, either sustain, reverse, or modify the ac-
tion of the Board. . . . The Court below [is]
required to make a completely independent de-
termination of all the facts of the case.

*Banks Liquor License Case,* 67 Pa. Commonwealth Ct.
479, 481-82, 447 A.2d 723, 724 (1982) (emphasis added)
(citations omitted); *see also, Pennsylvania Liquor
Control Board v. Argonne Tavern, Inc.,* 25 Pa. Com-
monwealth Ct. 286, 288, 361 A.2d 480, 481 (1976);
*Pennsylvania Liquor Control Board, v. Latrobe
Armed Services Association,* 16 Pa. Commonwealth
Ct. 199, 201, 329 A.2d 549, 551 (1974). In the case at
bar, however, the lower court failed to make the re-
quired findings of fact and conclusions of law. We
must therefore remand.[2]

Furthermore, it is axiomatic that "the lower court
may not change or modify a penalty imposed on a li-
censee by the Board without making specific material
changes in the facts as found by the Board." *James
Alston, Inc. v. Pennsylvania Liquor Control Board,*
71 Pa. Commonwealth Ct. 216, 455 A.2d 228, 229
(1983) (quoting *Carver House, Inc.,* 454 Pa. at 41-42,

---

[2] In *Argonne Tavern, Inc.,* 25 Pa. Commonwealth Ct. at 288, 361
A.2d at 481, we remanded the matter to the lower court upon that
court's failure to make findings of fact and conclusions of law in
accordance with Section 471 of the Liquor Code and settled case law.
*But cf., Harrison City Fire Protective Association Liquor License
Case,* 37 Pa. Commonwealth Ct. 525, 391 A.2d 1090 (1978), where,
for reasons of judicial economy, we did not remand but deemed a
statement in the lower court's opinion a "finding" materially at vari-
ance with the Board's findings therefore upholding the lower courts
reduction of the Board's penalty notwithstanding the Court's failure
to make specific findings of fact. In light of over thirty years of
well-settled case law *requiring* lower courts to make specific find-
ings of fact and conclusions of law, however, we shall no longer
waive such requirements for reasons of judicial economy.

310 A.2d at 83). Since the lower court, *sub judice,* failed to make *any* findings of fact which differed materially or otherwise from the Board's finding, the lower court's order vacating the Board's license revocation order is reversed[3] and the matter remanded to the Court of Common Pleas of Philadelphia County for further proceedings consistent with this opinion.

ORDER

AND Now, the 27th day of May, 1983, the order of the Court of Common Pleas of Philadelphia County, dated July 29, 1981, is reversed, and the case is remanded to that court for further proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

[3] Absent findings of fact which materially differ from the Board's findings of fact, a lower court is without power to modify or change a Board's order imposing a penalty upon a licensee. *See, Pennsylvania Liquor Control Board v. Crossover, Inc.,* 48 Pa. Commonwealth Ct. 260, 410 A.2d 88 (1980); *Pennsylvania Liquor Control Board v. Camac Bar, Inc.,* 43 Pa. Commonwealth Ct. 349, 403 A.2d 136 (1973).