Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* United Veterans Association of Blair County, Appellee.

Submitted on briefs November 12, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellant.

*Harold E. Miller,* for appellee.

OPINION BY JUDGE COLINS, December 13, 1985:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Blair County Court of Common Pleas sustaining the appeal of United Veterans Association of Blair County (Club), a licensee of the Board, and overruling the Board's imposition of a fine on the Club for allegedly violating the Liquor Code.[1] We vacate and remand.

Following a hearing, the Board cited the Club with two violations of the Liquor Code,[2] prohibiting the sale of liquor to non-members and gambling on the licensed premises, and imposed a Two Hundred Dollar

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101-9-902.

[2] Specifically, the Club was charged with:

(a)   the licensed organization, by its servants, agents, or employees, sold liquor and/or malt or brewed beverages on the licensed premises to a non-member without prior arrangement for such services on April 28, 1982;

(b)   the licensed organization, by its servants, agents or employees, permitted gambling, gambling devices, paraphernalia and/or lotteries on the licensed premises on April 28, 1982.

fine. The proceedings before the trial court, on de novo appeal by the Board, consisted solely of a series of stipulations between the parties. The Court dismissed the charge concerning the sale of liquor to nonmembers, finding that the Board presented no evidence to prove this infraction. The Board based the charge of gambling on a "raffle" conducted on a portion of the licensed premises by a local Kiwanis Association as a charitable fund raiser. The evidence indicated that the Club had no notice of the raffle drawing, that tickets were sold in advance at other locations and that the only activity on the premises of the Club was the selection of the winner. The Court found that the Board established the gambling charge but that the Club's actions amounted to a de minimis infraction. The Court overruled the action of the Board, reversed the imposition of the Two Hundred Dollar fine, and merely imposed court costs upon the licensee.

In his opinion, Judge VAN HORN stated that, inasmuch as his findings of fact were materially different from those of the Board, he was under no constraint to adopt the sanction imposed by the Board. Judge VAN HORN further indicated that the language of Section 471[3] does not mandate that he impose the minimum statutory sanction of Fifty Dollars for a de minimis infraction of the Liquor Code. It is from this decision that the Board appeals.

Following a *de novo* hearing, the trial court makes a completely independent determination of the facts in the case and is not bound by the Board's decision. *Pennsylvania Liquor Control Board v. Flowers &*

---

[3] Section 4-471, 47 P.S. §4-471, provides that "upon appeal, the Court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the Board, based on the findings of fact and conclusions as found by the Court."

*Davis Enterprises, Inc.,* 74 Pa. Commonwealth Ct. 514, 459 A.2d 1374 (1983). Our scope of review in a *de novo* appeal of this nature is limited to a determination of whether the order appealed from was supported by substantial evidence and whether the Court committed an error of law or abuse of discretion. *New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 440 A.2d 676 (1982).

In this case, there is no question that the findings of Judge VAN HORN materially differed from those of the Board and that the Judge correctly invoked the discretionary license of Section 741 in his modification of the Board's actions. *See Harrison City Fire Protective Association Liquor License Appeal,* 37 Pa. Commonwealth Ct. 525, 391 A.2d 1090 (1978). We also concur with the Court's characterization of the Club's infraction as a de minimus violation. However, it is a violation, and as such is subject to the minimum sentencing provisions of the Act.[4]

While the court's power to alter the penalties of the Board is broad, *Pennsylvania Liquor Control Board v. Pollock,* 86 Pa. Commonwealth Ct. 168, 484 A.2d 206 (1984), we do not find that these powers encompass the imposition of no fine under these circumstances of established liability. "However justified the trial court's criticism might be as a matter of concerned personal view, the legislature has mandated that certain minor matters, as well as major breaches of law, be treated as statutory violations. A court cannot reverse Liquor Code charges by declaring the violation to be de minimis." *Pennsylvania Liquor Control Board v. Dobrinoff,* 80 Pa. Commonwealth Ct. 453, 457, 471 A.2d 941, 943 (1984).

---

[4] Section 4-471, 47 P.S. §4-471, directs the Board, upon a hearing establishing a violation to "immediately suspend or revoke the license or impose a fine of not less than fifty dollars nor more than one thousand dollars."

However, as did the trial court, we must question the social value of penalizing a license holder because of the fact that a well-respected service club selected a winning raffle ticket while having a banquet upon a licensed premises. The costs of this enforcement proceeding, the initial hearing, and the subsequent appeals would seem to far outweigh the social benefits to be reaped by the taxpayers.

The order of the Court of Common Pleas of Blair County is vacated and the matter is remanded for the imposition of sanctions that fall within the legislatively-mandated range.

### ORDER

AND Now, December 13, 1985, the order of the Court of Common Pleas of Blair County, No. 296 of 1982, dated August 20, 1984, is vacated and the matter is remanded for the imposition of sanctions that fall within the legislatively-mandated range.