544 A.2d 1118

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Richard's Grill, Inc., Appellee.

Submitted on briefs April 19, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Edward A. McQuoid, King, Ruprecht & McQuoid,* for appellee.

OPINION BY JUDGE CRAIG, July 28, 1988:

The Pennsylvania Liquor Control Board (LCB) has appealed from an order of the Court of Common Pleas of Allegheny County which reversed an LCB order im-

posing a $400 fine on Richard's Grill, Inc., a licensee, for maintenance of gambling and gambling devices. From the uncontested testimony of the LCB agent, the trial court made the following findings:

> At the non-jury de novo trial held on 6 January 1987, the Commonwealth elicited testimony through Mortty Ivy who, on 31 July 1984, observed two (2) individuals playing video poker in Licensee's establishment. Agent Ivy subsequently saw the bartender hand one of the players $20.00 cash from the Licensee's cash register.
>
> Subsequently, on 5 September 1984, Agent Ivy visited Licensee's establishment and played a 'stamp machine'. After playing the machine, Agent Ivy asked Licensee's bartender what he had won. No money changed hands relating to the play on the stamp machine.

The trial judge concluded that no illegal gambling was involved and that both events involved only legal contest under the then-effective section 476 of the Liquor Code, Act of April 12, 1951, P.L. 90, added by section 5 of the Act of May 9, 1984, P.L. 246, and repealed by section 2 of the Act of February 28, 1985, P.L. 1 *formerly* 47 P.S. §4-476.

However, that section authorized a licensee only to hold "a dart, billiard, bowling, shuffleboard, rings or card tournament or contest. . . ." A "stamp machine" does not constitute any of the contests which were listed in that temporary statute; instead it constitutes a gambling device per se. *See Fulton Post, Inc. Liquor License Case*, 63 Pa. Commonwealth Ct. 313, 317, 438 A.2d 662, 664 (1981). This court has also recently held that an electronic video poker machine did not constitute one of the tournaments or contests authorized by the 1984 provision. *Pennsylvania Liquor Control Board v. Henstock*, 118 Pa. Commonwealth Ct. 223, 544 A.2d 1119 (1988).

Therefore, the conclusion must be that the trial court erred as a matter of law in regarding the activities and devices in this case as involving lawful contests.

Accordingly, the trial court's order is reversed.

ORDER

NOW, July 28, 1988, the order of the Court of Common Pleas of Allegheny County, dated January 29, 1987, at S.A. 2063 of 1985, is reversed.