544 A.2d 1119

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Kenneth Henstock, Appellee.

Submitted on briefs April 19, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Ken Skelly,* Chief Counsel, for appellant.

*Edward A. McQuoid, King, Ruprecht & McQuoid,* for appellee.

OPINION BY JUDGE CRAIG, July 28, 1988:

The Pennsylvania Liquor Control Board (LCB) has appealed from an order of the Court of Common Pleas of Allegheny County reversing an LCB decision which imposed a $350 fine on Kenneth Henstock, a licensee, for maintaining gambling and gambling devices on the licensed premises. This court reverses the trial court's order.

The issue is whether the bartender's payment of $20, from segregated funds, to a patron achieving a score on an electronic coin-operated poker machine, into which he had inserted coins, constituted a gambling operation or merely a "tournament or contest" under former section 476 of the Liquor Code, Act of April 12, 1951, P.L. 90, added by section 5 of the Act of May 9, 1984, P.L. 246, and repealed by section 2 of the Act of February 28, 1985, P.L. 1, *formerly* 47 P.S. §4-476.

According to the undisputed testimony of the LCB agent, a patron in the premises played an electronic coin-operated poker machine by putting money into it and ultimately notified the bartender that he had accumulated eighty points. The bartender then reached into a cigar box, in which funds were segregated from those in the cash register, took out a $20 bill and gave it to the patron.

The record contains no substantial evidence to support the findings of the trial judge. Inexplicably, the trial judge found that the *LCB agent* was the person who had played the machine, reached eighty points and received the $20. The trial judge also found that there was no "evidence as to what, if any, consideration was paid for the privilege of playing video poker."

The absence of evidentiary support for these findings is underscored by the fact that the agent never testified that he was the player of the poker machine, but he did testify that he saw the patron player putting money into the machine.

The only correct finding by the trial judge is the finding that the bartender paid the $20 sum to the patron from funds which appeared to be segregated from the regular receipts of the establishment.

Because the events described occurred in June and July of 1984, while the now-repealed Liquor Code section 476 was in effect, the trial judge concluded that there was only a contest authorized by that statute, but no gambling. The trial judge, in so concluding, relied in part upon the fact that the bartender paid the patron from segregated funds. However, the segregation of prize funds clearly is just as consistent with illegal gambling as it would be with the conduct of a legal contest.

Moreover, section 476 did not authorize prize contests in general. It specifically authorized only "a dart, billiard, bowling, shuffleboard, rings or card tournament or contest," with no authorization given to licensed establishments to receive consideration from patrons for the privilege of participating.

In that the use of an electronic poker machine does not fall within any of the classes of contests authorized by the section, the activity in question was not a lawful contest or tournament. It did involve the payment of consideration and the distribution of a prize in accor-

dance with a machine operating by chance, and therefore the activity constituted gambling. *Commonwealth v. Weisman,* 331 Pa. Superior Ct. 31, 479 A.2d 1063 (1984).

Because essential findings of the trial court lacked a substantial evidence basis, and because the trial court erred as a matter of law, the trial court's order is reversed.

### ORDER

Now, July 28, 1988, the order of the Court of Common Pleas of Allegheny County, dated March 9, 1987, at S.A. No. 712 of 1986, is reversed.